

FILED by **CF** D.C.
ELECTRONIC

OCT 07, 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO: **10-60260-CR-COHN/SELTZER**

**18 U.S.C. § 371**

UNITED STATES OF AMERICA

vs.

**LARRY WILCOX,**

        **Defendant.**   /

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. UC Hub Group, Inc. ("UCHB") was a Delaware corporation that purportedly operated gold mines. UCHB's common stock was publicly quoted on the Pink OTC Markets, Inc., an inter-dealer electronic quotation and trading system in the over-the-counter securities market commonly referred to as the "Pink Sheets."

2. Defendant **LARRY WILCOX** was the Chief Executive Officer of UCHB. **WILCOX** was also a shareholder who owned or controlled millions of shares of UCHB common stock.

### CONSPIRACY TO COMMIT SECURITIES FRAUD
### (18 U.S.C. § 371)

3. From in or around January 2009 through in or around February 2009, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: _____
18 U.S.C. § 371

UNITED STATES OF AMERICA

vs.

LARRY WILCOX,

_____Defendant.___/

## INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1. UC Hub Group, Inc. ("UCHB") was a Delaware corporation that purportedly operated gold mines. UCHB's common stock was publicly quoted on the Pink OTC Markets, Inc., an inter-dealer electronic quotation and trading system in the over-the-counter securities market commonly referred to as the "Pink Sheets."

2. Defendant **LARRY WILCOX** was the Chief Executive Officer of UCHB. **WILCOX** was also a shareholder who owned or controlled millions of shares of UCHB common stock.

## CONSPIRACY TO COMMIT
## SECURITIES FRAUD
## (18 U.S.C. § 371)

3. From in or around January 2009 through in or around February 2009, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**LARRY WILCOX,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with others, known and unknown to the United States Attorney, to commit certain offenses against the United States, that is, to knowingly, willfully, and unlawfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, directly and indirectly, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, and: (a) employ a device, scheme and artifice to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon any person, in connection with the purchase and sale of securities; in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

## PURPOSE OF THE CONSPIRACY

4.  The purpose of the conspiracy was for the defendant and his coconspirators to unjustly enrich themselves by fraudulently inducing a pension fund fiduciary to misappropriate money held in the pension fund.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant sought to accomplish the object and purpose of the conspiracy included, but were not limited to, the following:

5.  In early January 2009, **LARRY WILCOX** was recruited by coconspirator A.M. as an individual who would be interested in participating in a fraudulent scheme to sell restricted stock

2

to a pension fund.

6. On or about January 8, 2009, **LARRY WILCOX** traveled to Broward County, Florida to meet with an FBI confidential source (the "CS") to discuss potential securities transactions.

7. At this meeting, a federal agent acting in an undercover capacity posed as a representative of a pension fund fiduciary willing to breach his fiduciary duty to the pension fund investors by purchasing restricted stock at inflated prices.

8. At this meeting, **LARRY WILCOX** agreed to pay a forty percent (40%) kickback payment to the pension fund fiduciary to induce the fiduciary to misappropriate money from a pension fund to buy restricted shares of UCHB common stock at inflated prices.

9. On or about January 12, 2009, **LARRY WILCOX** and his coconspirators received a wire payment of twenty thousand dollars ($20,000) that **WILCOX** believed was sent by a pension fund to purchase UCHB common stock.

10. On or about January 26, 2009, **LARRY WILCOX** and his coconspirators sent an eight thousand dollar ($8,000) kickback payment for the benefit of the purported pension fund fiduciary.

11. On or about February 17, 2009, **LARRY WILCOX** and his coconspirators received a second wire payment of twenty thousand dollars ($20,000) that **WILCOX** believed was sent by a pension fund to purchase UCHB common stock.

12. Thereafter, **LARRY WILCOX** and his coconspirators sent another eight thousand dollar ($8,000) kickback payment for the benefit of the purported pension fund fiduciary.

13. **LARRY WILCOX** used a false consulting agreement to conceal the kickback

payments from UCHB's auditors and securities regulators by making the payments appear to be compensation for consulting services.

14. In furtherance of this conspiracy, **LARRY WILCOX** used instrumentalities of interstate commerce, including e-mail communications, interstate telephone calls and private and common carriers.

## OVERT ACT IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy and to accomplish its object and purpose, **LARRY WILCOX** committed, and caused to be committed, in the Southern District of Florida and elsewhere, the following overt act, among others:

15. On or about January 26, 2009, **LARRY WILCOX** sent a Federal Express package containing a kickback payment to an address in Coral Springs, Florida, in the Southern District of Florida.

All in violation of Title 18, United States Code, Section 371.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
RYAN DWIGHT O'QUINN
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

LARRY WILCOX,

           **Defendant.**
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

____ Miami    ____ Key West
__X__ FTL      ____ WPB    ____ FTP

New Defendant(s)    Yes ____ No ____
Number of New Defendants ____
Total number of counts ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) __No__
   List language and/or dialect _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                     (Check only one)
   I    0 to 5 days       __X__        Petty     ____
   II   6 to 10 days      ____         Minor     ____
   III  11 to 20 days     ____         Misdem.   ____
   IV   21 to 60 days     ____         Felony    __X__
   V    61 days and over  ____

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) __No__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) __No__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes __X__ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes __X__ No

_____
RYAN DWIGHT O'QUINN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar # 513857

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** LARRY WILCOX

**Case No:** _____

Count #: 1

Conspiracy to Commit Securities Fraud

Title 18, United States Code, Section 371

**\* Max. Penalty:** 5 years' imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.